IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-01026-MJW

MICHAEL R. O'CONNOR,

    Applicant,

v.

TRAVIS TRANI, Warden Colorado State Penitentiary,

    Respondent.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this Court pursuant to the Order of Reference entered August 11, 2014, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge.

Applicant, Michael R. O'Connor, has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) ("the Application"). On May 22, 2014, Respondent was ordered to show cause why the Application should not be granted. Respondent has filed a Response to Order to Show Cause ("the Response") (Docket No. 19) and Mr. O'Connor has filed Applicant's Response to Respondent's Response to Show Cause ("the Reply") (Docket No. 21). After reviewing the pertinent portions of the record in this case including the Application, the Response, and the Reply, the Court concludes that the Application should be denied.

**I. BACKGROUND**

Mr. O'Connor is a prisoner in the custody of the Colorado Department of Corrections ("DOC"). He is serving a sentence of thirty-six years in prison after being convicted of second degree murder in Adams County, Colorado, District Court case number 01CR2949. (See Docket No. 19-1 at 10.) Mr. O'Connor previously was convicted of second degree assault by administration of a drug in Adams County, Colorado, District Court case number 97CR1793. (See id. at 5.)[1]

Mr. O'Connor is challenging the DOC's calculation of his parole eligibility date ("PED"). The DOC has determined as a matter of Colorado state law that Mr. O'Connor is not eligible for parole until he serves seventy-five percent of his current sentence in case number 01CR2949 because his prior conviction in case number 97CR1793 was a crime of violence. In order to determine whether the prior conviction for second degree assault was a crime of violence the DOC considered the factual circumstances of that offense as set forth in the presentence investigation report in case number 97CR1793. (See Docket No. 1 at 10; Docket No. 19-1 at 2, ¶9.) Mr. O'Connor contends he should be eligible for parole as a matter of state law after serving only fifty percent of his current sentence because he was not convicted of a crime of violence in case number 97CR1793 and the DOC may not consider the factual circumstances of an offense as reported in a presentence investigation report to determine if a prior conviction is a crime of violence. Mr. O'Connor specifically claims in the Application that the DOC's improper calculation of his PED has resulted in a violation of his constitutional right to

---

[1] Mr. O'Connor was convicted of attempted escape in a third case, Adams County, Colorado, District Court case number 02CR299. (See Docket No. 19-1 at 9.) The conviction for attempted escape is not relevant to the claim Mr. O'Connor raises in the Application.

due process. As relief Mr. O'Connor asks that the DOC be ordered to calculate his PED at fifty percent of his sentence or that he be granted a hearing before his PED is set.

Mr. O'Connor previously challenged the DOC's calculation of his PED in a state court action in the Crowley County District Court and he has attached to the Application a copy of the state court's December 19, 2011 order granting a motion to dismiss that action. (See Docket No. 1 at 19-21.) The state court reasoned as follows in concluding Mr. O'Connor was not entitled to the relief he sought as a matter of law:

    1.    Plaintiff was convicted of second degree murder, and previously of second degree assault. If the second degree assault conviction meets the definition of a crime of violence, then he must serve 75% of his sentence on the conviction for second degree murder before he becomes eligible for parole. C.R.S. 17-22.5-403(2)(a). The question presented is how the DOC should apply the tag of the crime of violence.

    2.    Plaintiff argues essentially that the statutory citation of the mittimus controls. Under his interpretation, the citation on the mittimus, C.R.S. 18-3-203(1)(e) governs; since that particular section of second degree assault is not defined as a crime of violence, he does not meet the criteria of C.R.S. 17-22.5-403(2)(a).

    3.    Defendants maintain that the facts of the case control. A review of the presentence report from Plaintiff's second degree assault conviction shows that Plaintiff struck the victim from behind with a club/wooden stick. By the definition of C.R.S. 18-1.3-406, Plaintiff possessed and used a deadly weapon. As such, his second degree assault conviction constitutes a crime of violence, and he does not meet the criteria of C.R.S. 17-22.5-403(2)(a).

    4.    There are two ways to meet the crime of violence designation. One is by a conviction for a specifically defined crime of violence (*per se* crime of violence). The other is if the facts of the case justify such a

        designation. Plaintiff's case fits the second category. See <u>Busch v. Gunter</u>, 870 P.2d 586, at 588 (Colo. App. 1993) ("Thus we must examine the facts underlying his conviction to determine if plaintiff's conviction falls within the definition of a crime of violence.").

5.       Because Plaintiff is serving a sentence for second degree murder and had a previous conviction for a crime of violence the provisions of 17-22.5-403(2) apply; Plaintiff is subject to the requirement that he serve 75% of his murder sentence before he is eligible for parole.

(Docket No. 1 at 19-21 (footnote omitted).) The record before the Court indicates the Crowley County District Court's order was affirmed on appeal. (<u>See</u> <u>id.</u> at 24.)

## II. **STANDARDS OF REVIEW**

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973); <u>see</u> also <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. O'Connor "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).

The Court must construe Mr. O'Connor's filings liberally because he is not represented by an attorney. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam); <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. <u>See</u> <u>Hall</u>, 935 F.2d at 1110.

4

## III. DISCUSSION

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. See Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994). Mr. O'Connor does not allege that he has been deprived of life or property. Therefore, his due process claim depends upon the existence of a constitutionally protected liberty interest.

The Court must examine the nature of the interest asserted to determine whether a constitutionally protected liberty interest exists. See Sandin v. Conner, 515 U.S. 472, 480-84 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. See Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

Generally, a liberty interest may arise from either the United States Constitution itself or state law. See Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998). However, it is clear that the Constitution itself does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. See Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (per curiam); Greenholtz v. Inmates of the Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979). Therefore, if Mr. O'Connor has been deprived of a constitutionally protected liberty interest as he contends, that liberty interest must arise under Colorado state law.

"To be protected by procedural due process, an interest must be guaranteed by state law when specified *substantive* predicates exist." Elliott v. Martinez, 675 F.3d 1241, 1245 (10th Cir. 2012); see also Olim v. Wakinekona, 461 U.S. at 249 ("[A] State creates a protected liberty interest by placing *substantive* limitations on official discretion."). A constitutionally protected liberty interest also may exist under state law

when state action inevitably affects the duration of a prison sentence.  See Sandin, 515 U.S. at 484; Wilson v. Jones, 430 F.3d 1113, 1120-21 (10th Cir. 2005).

Construing his arguments liberally, Mr. O'Connor apparently contends he has a constitutionally protected liberty interest under Colorado law because the DOC has misinterpreted and misapplied the relevant statutes as a substantive matter and, as a result of this misinterpretation and misapplication of state law, the DOC has extended the duration of his sentence by increasing the time he must serve before he is eligible for parole.  The Court is not persuaded.

First, Mr. O'Connor fails to demonstrate he has a substantive right under Colorado state law to be eligible for parole after serving only fifty percent of his sentence.  As noted above, the Crowley County District Court rejected Mr. O'Connor's claim that the DOC has misinterpreted and misapplied the relevant Colorado statutes and the Court does not review state-court determinations on state-law questions.  See Estelle, 502 U.S. at 67-68.

Second, even assuming the Court could consider the merits of Mr. O'Connor's state law argument and concluded he is correct, he also fails to demonstrate the duration of his sentence inevitably will be reduced if his PED is advanced.  "For defendants serving sentences in Colorado for crimes committed on or after July 1, 1985, the [Parole] Board has unlimited discretion to grant or deny parole."  Mulberry v. Neal, 96 F. Supp.2d 1149, 1150 (D. Colo. 2000); see also Thiret v. Kautzky, 729 P.2d 801, 805 (Colo. 1990); Colo. Rev. Stat. § 17-22.5-303(6).  Mr. O'Connor is serving a sentence for a crime committed on December 15, 2001.  (See Docket No. 19-1 at 10.)  As a result, any decision regarding his release on parole once he becomes eligible for

parole will be within the parole board's discretion. The Court is not persuaded that the possibility of discretionary release on parole after serving fifty percent of a sentence rather than after serving seventy-five percent of a sentence gives rise to a constitutionally protected liberty interest. See Straley v. Utah Bd. of Pardons, 582 F.3d 1208, 1214 (10th Cir. 2009) (reaffirming that "a federal liberty interest in parole only arises when a prisoner has a legitimate claim of entitlement to it" and that "the mere existence of a purely discretionary parole authority creates no entitlement and, therefore, no concomitant federal due process interest").

For these reasons, the Court finds that Mr. O'Connor fails to demonstrate he has been deprived of a constitutionally protected liberty interest. As a result, the due process claim lacks merit.

## IV. CONCLUSION

In summary, the Court finds that Mr. O'Connor is not entitled to relief and the Application will be denied. **WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) is DENIED and this case is DISMISSED WITH PREJUDICE. It is further

**ORDERED** that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED October 24, 2014.

BY THE COURT:

S/ Michael J. Watanabe

                                                MICHAEL J. WATANABE
                                                United States Magistrate Judge