IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-01026-MJW

MICHAEL R. O'CONNOR,

      Applicant,

v.

TRAVIS TRANI, Warden Colorado State Penitentiary,

      Respondent.

---

## ORDER DENYING MOTION TO RECONSIDER

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this Court pursuant to the Order of Reference entered August 11, 2014, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge.

Applicant, Michael R. O'Connor, has filed *pro se* "Applicant's Motion to Reconsider This Court's Denial and Judgment of Writ of Habeas Corpus Pursuant to Fed. R. Civ. P. 59(e) & 60(b)" (Docket No. 25) ("the motion to reconsider").  On October 24, 2014, the Court entered an order denying Mr. O'Connor's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1).  The Court determined that Mr. O'Connor's due process claim challenging the calculation of his parole eligibility date lacked merit because he failed to demonstrate he has been deprived of a constitutionally protected liberty interest.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. See Fed. R. Civ. P. 59(e).  The Court will consider the motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. See Van Skiver, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Thus, relief under Rule 59(e) is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  A Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. See id.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. O'Connor fails to demonstrate some reason why the Court should reconsider and vacate the order dismissing this action.  The state-law arguments Mr. O'Connor raises were rejected in state court and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that "Applicant's Motion to Reconsider This Court's Denial and

Judgment of Writ of Habeas Corpus Pursuant to Fed. R. Civ. P. 59(e) & 60(b)" (Docket

No. 25) is DENIED.

DATED: November 3, 2014.

BY THE COURT:


/s/ Michael J. Watanabe
MICHAEL J. WATANABE
United States Magistrate Judge